# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EDWARD HASBROUCK, | |
| Plaintiff, | |
| v. | Civil Action No. 1:21-cv-00444 (DLF) |
| NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, | |
| Defendant. | |

## PLAINTIFF'S CROSS-MOTION FOR JUDGMENT ON THE PLEADINGS

NOW COMES Plaintiff Edward Hasbrouck ("Hasbrouck") pursuant to Federal Rule of Civil Procedure 12(c) to respectfully move the Court to grant judgment on the pleadings to Hasbrouck on Counts 1 and 3. This Motion is supported by a memorandum of points and authorities and a proposed order.

Date: January 25, 2024

Respectfully submitted,

/s/ Kelly B. McClanahan
Kelly B. McClanahan, Esq.
D.C. Bar #984704
National Security Counselors
4702 Levada Terrace
Rockville, MD  20853
301-728-5908
240-681-2189 fax
Kel@NationalSecurityLaw.org

*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EDWARD HASBROUCK, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Civil Action No. 1:21-cv-00444 (DLF) |
| | * |
| NATIONAL ARCHIVES AND RECORDS | * |
| ADMINISTRATION, | * |
| | * |
| Defendant. | * |
| | * |

*   *   *   *   *   *   *   *   *   *   *   *   *   *

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS IN PART AND IN SUPPORT OF <u>PLAINTIFF'S CROSS-MOTION FOR JUDGMENT ON THE PLEADINGS</u>**

On 5 October 2023, Defendant National Archives and Records Administration ("NARA") filed a motion to dismiss Counts 1 and 2 of this case. (Def.'s Mot. Dismiss in Part & Stmt. P. & A. Supp. Thereof, Dkt. #23 (filed Oct. 5, 2023) [hereinafter NARA's Mot.]. This Motion should be denied—or at the very least held in abeyance—and the Court should grant Plaintiff Edward Hasbrouck's ("Hasbrouck") Cross-Motion for Judgment on the Pleadings.

**I.    NARA'S MOTION IS PREMATURE**

As a threshold matter, the Court should decline to adjudicate NARA's Motion at the current time, since doing so runs contrary to the interest of justice. "Litigants have a right to decide what to include in their pleadings and what claims to assert. If an opposing litigant may divide up or reorganize the pleader's claims and conquer the divided claims one by one, it could eviscerate the pleader's right to organize its pleading." *CALAMCO v. J. R. Simplot Co.*, No. 21-1201, 2023 U.S. Dist. LEXIS 111578, at *22 (E.D. Cal. June 27, 2023) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 & n.7 (1987)). This is exactly what NARA is attempting to do.

Counts 2 and 3 present alternative paths to the same basic remedy: Hasbrouck receiving records that the National Commission on Military, National, and Public Service ("the Commission") transferred to NARA.[1] However, by dividing up Hasbrouck's well-pleaded Complaint and asking this Court to rule on Count 2 before it hears any evidence on Count 3, NARA is attempting to deprive this Court of all of the relevant information. Simply put, it asks the Court now to find that it cannot be responsible for Freedom of Information Act ("FOIA") requests which were submitted to another agency, implying that it is only responsible for FOIA requests submitted to NARA, but it will later ask the Court to find that it is not responsible for the relevant FOIA requests submitted to NARA *either*. (*Compare* NARA's Mot. at 14 ("[A]ll of those FOIA requests were submitted to an entity not before the Court—the Commission."), *with* Compl., Dkt. #1, ¶ 29 (filed Feb. 21, 2021) ("NARA will not accept FOIA requests for [a large number of temporary records transferred by the Commission to NARA].").)

If the Court considered NARA's arguments on both counts simultaneously, it would recognize the mutually exclusive nature of these positions, but because of NARA's choice to exclude Count 3 from its Motion, the Court is not able to consider NARA's overall litigation posture in a timely manner, and for no good reason. *See Divane v. Krull Elec. Co.*, No. 95-6108, 2002 U.S. Dist. LEXIS 24333, at *2 (N.D. Ill. Dec. 16, 2002) ("This court has neither the time nor the inclination to consider arguments one at a time in serial motions, to suit a litigant's convenience."); *accord Marsh v. Johnson*, 263 F. Supp. 2d 49, 55 (D.D.C. 2003) (striking a motion and ordering more organized briefing) (citing *Divane*). This Court should follow those courts' lead and either deny NARA's Motion without prejudice or hold it in abeyance, only considering NARA's arguments on Count 2 when it is ready to justify its position on Count 3 as

---

[1] The universe of records responsive to Count 2 is larger than the universe of records responsive to Count 3, which is why Hasbrouck used the adjective "basic" here. However, the distinction is

well. Accordingly, since it is prohibitively difficult to respond to Defendant's Motion as it pertains to Count 2 without a complete record of Defendant's position regarding Count 3, Hasbrouck will not discuss Count 2 in any greater detail in this brief.

## II.     DECLARATORY JUDGMENT IS APPROPRIATE FOR COUNT ONE

In attempting to avoid judicial review of its stated intention to improperly destroy a significant number of federal records in violation of the applicable records retention schedule pursuant to an admitted policy of considering that "no federal agency has legal custody of [temporary records subject to a FOIA request] if the originating agency ceases to exist during [the six-year period such records must be retained]" (Compl. ¶ 38), NARA misconstrues the nature of the governing authority. In fairness to NARA, Hasbrouck potentially contributed to this confusion by virtue of the fact that he did not file a separate Administrative Procedure Act ("APA") or Mandamus Act claim, but his good-faith attempt to limit the scope of this case to just the necessary claims should not be held against him. It is well-established that declaratory judgment is not inappropriate just because it is the only relief requested. "There is nothing in section 2201 that says that a court is foreclosed from granting declaratory relief if it is the only relief awarded. In fact, section 2201 clearly says that declaratory relief may be granted 'whether or not further relief is or could be sought.'" *Zukerman v. U.S. Postal Serv.*, 64 F.4th 1354, 1366 (D.C. Cir. 2023). In this case, rather than attempting to argue that the Court should make the Archivist report her own agency's intended misconduct to the Attorney General, Hasbrouck instead asked for a less intrusive form of relief: a declaratory judgment that such an act of destruction and the policy it represented is illegal. However, that does not mean that the absence of a request for injunctive relief transforms the request for declaratory relief into a form of relief that the Court cannot award.

---

immaterial to this point.

NARA does not—and cannot—allege that General Records Schedule 4.2 ("GRS 4.2") does not apply to the records Hasbrouck requested from the Commission. NARA does not—and cannot—allege that GRS 4.2 prohibits an agency from destroying a record which is subject to a FOIA request for six years after receipt of the request. NARA does not—and cannot—even allege that it will not destroy the records that Hasbrouck requested from the Commission. The closest it comes to such an allegation is stating, "Nor does Plaintiff allege that NARA is aware of, or has caused any, unlawful removal or destruction of Commission records. Indeed, Plaintiff's allegations regarding unlawful destruction of records are all phrased in hypothetical terms." (NARA's Br. at 13.)

This contention is deliberately misleading and misrepresents the nature of the Federal Records Act ("FRA"), which states that action shall be taken to prevent "any actual, impending, *or threatened* unlawful removal, . . . deletion, erasure, or other destruction" of agency records. 44 U.S.C. § 3106(a) (emphasis added). NARA itself has threatened to destroy many of the records Hasbrouck requested from the Commission as soon as this litigation is concluded. (*See* Compl. ¶ 29; *see also* Email from Stern to Hasbrouck of 12/14/20, attached as Ex. 1 (explaining that many of the requested records are only being retained briefly "for the purpose of allowing you to address any further legal rights related to this specific FOIA request").)[2] NARA cannot reasonably argue that Hasbrouck cannot bring a claim under the APA to force the Archivist to report the threatened destruction of these records in violation of GRS 4.2 and the FRA to the Attorney General, and it is equally unable to reasonably argue that Hasbrouck cannot bring a

---

[2] This email is quoted from and discussed in Hasbrouck's Complaint and can accordingly be considered without converting either NARA's Motion or Hasbrouck's Cross-Motion into a motion for summary judgment. *W. Wood Preservers Inst. v. McHugh*, 292 F.R.D. 145, 149 (D.D.C. 2013).

claim under the Declaratory Judgment Act to ask the Court to declare that the threatened destruction of these records would violate GRS 4.2 and the FRA.

Similarly, NARA misreads the second prong of Hasbrouck's requested relief, and in doing so misrepresents the nature of the case itself. NARA states, "The Complaint does not allege any deficiency in the Commission's or NARA's recordkeeping guidelines or directives" (NARA's Mot. at 12-13), but that is exactly what Hasbrouck alleges. Contrary to NARA's styling, Hasbrouck does not allege that a *formal* guideline or directive is deficient, but he does allege that the *informal* guideline or directive described by NARA's General Counsel is *definitely* deficient. That guideline is, "Moreover, as has already been explained to you, the 'temporary records received by NARA from the NCMNPS that were \*not\* 'subject to a retention period beyond the termination of the Commission pursuant to the General Records Schedule (GRS)'' *are not in NARA's legal custody, and NARA will not respond to any FOIA requests for those records.*" (Ex. 1 (emphasis added).) This is not a simple destruction action as would be foreclosed by *Armstrong v. Bush*, 924 F.2d 282 (D.C. Cir. 1991). This is a statement of a policy which falls far short of any reasonable definition of "adequate recordkeeping guidelines and directives." *Citizens for Resp. & Ethics in Wash. v. Pruitt*, 319 F. Supp. 3d 252, 257 (D.D.C. 2018) (discussing *Armstrong*).

Therefore, even though Hasbrouck did not ask the Court to order any injunctive relief under the APA, the declaratory relief he *did* request is squarely within the Court's authority, and it is furthermore entirely appropriate at this juncture. The Court should accordingly deny NARA's Motion and grant Hasbrouck's Cross-Motion, issuing a declaratory judgment that NARA's stated plan to destroy the records transferred to it by the Commission is prohibited by the Federal Records Act.

## III.     DECLARATORY JUDGMENT IS APPROPRIATE FOR COUNT THREE

By the same token, the Court should also issue a declaratory judgment that the records transferred to NARA by the Commission are subject to FOIA, which would likely dispose of most of the controversy regarding Count 3. The contention that records transferred to NARA, that NARA physically maintains, are somehow not in NARA's "legal custody" is completely without merit. NARA even admits as much in one of its Privacy Act Systems of Records Notices: "Upon termination of an agency with no successor in function, the agency transfers its records to NARA's custody." 78 Fed. Reg. 77256, 77266 (Dec. 20, 2013). It separately states, "Does NARA handle access to and disclosure of records of defunct agencies in the custody of NARA? Yes, records of defunct agencies in the custody of NARA at a NARA record center are covered by [NARA's Privacy Act regulations]." 36 C.F.R. § 1202.10. Most tellingly, NARA answers the question: "How do I obtain access to records of defunct agencies?" with "NARA handles access to archives and FRC records received from agencies that have ceased to exist without a successor in function." 36 C.F.R. § 1256.6. The infirmity in NARA's contrary position on this purely legal point cannot be overcome with further evidence, and the Court should grant Hasbrouck's Cross-Motion and issue a declaratory judgment that the records currently being held by NARA that were transferred to it by the Commission are in its legal custody and subject to FOIA requests.

In anticipation of the argument that a motion for judgment on the pleadings is premature because NARA has not filed an Answer yet (meaning that the record is not closed as required by Federal Rule of Civil Procedure 12(c)), the filing of an Answer is not required to close the record in a FOIA case if the agency files a dispositive motion instead. "[I]t is standard practice in FOIA cases for the defendant to file a [dispositive motion] instead of filing a responsive pleading."

6

*Jones v. DOJ*, 601 F. Supp. 2d 297, 302 (D.D.C. 2009). The reason for this practice can be found in the text of FOIA, as explained by the Fifth Circuit:

> Under 5 U.S.C. § 552(a)(4)(C), a defendant must answer or otherwise plead within 30 days unless the court otherwise directs for good cause shown. . . . As pointed out above, an "answer" is not the only response permitted under the FOIA. The government sought and obtained an extension of time to answer, after which it filed a motion for summary judgment, which was granted. No "answer" was required.

*Weber v. Coney*, 642 F.2d 91, 93-94 (5th Cir. 1981). Accordingly, when NARA filed a dispositive motion instead of an Answer, after expressing an intention "to respond to plaintiff's Complaint in this action" (Def.'s Unopposed Mot. Ext. Time Resp. Compl., Dkt. #5, at 1 (filed Apr. 12, 2021)), it signaled that it would not be filing an Answer, and accordingly the record is properly considered to be closed for the purposes of Rule 12(c).

The Court should accordingly grant Hasbrouck's Cross-Motion for judgment on the pleadings and issue the requested declaratory judgment.

## CONCLUSION

For the foregoing reasons, the Court should deny NARA's Motion and grant Hasbrouck's Cross-Motion.

Date:   January 25, 2024

Respectfully submitted,

 /s/ Kelly B. McClanahan
Kelly B. McClanahan, Esq.
D.C. Bar #984704
National Security Counselors
4702 Levada Terrace
Rockville, MD  20853
301-728-5908
240-681-2189 fax
Kel@NationalSecurityLaw.org

*Counsel for Plaintiff*