# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

EDWARD HASBROUCK,

    Plaintiff,

v.

NATIONAL ARCHIVES AND RECORDS ADMINISTRATION,

    Defendant.

Case No. 1:21-cv-444 (DLF)

## DEFENDANT'S COMBINED REPLY IN SUPPORT OF MOTION TO DISMISS IN PART AND OPPOSITION TO PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS

**INTRODUCTION**

This lawsuit largely concerns the disposition of certain records of the defunct National Commission on Military, National, and Public Service (the "Commission"). Some of those documents are held for permanent or temporary preservation by the National Archives and Records Administration ("NARA") and there is no dispute that NARA will search and process those records in response to Plaintiff's FOIA request. A different subset of those documents, however, were scheduled for destruction at the termination of the Commission's existence. NARA has taken physical possession of those documents, but not legal custody, to permit Plaintiff to pursue this lawsuit. NARA will not destroy those documents pending the conclusion of this litigation and does not dispute that summary judgment regarding Plaintiff's FOIA request to NARA—the third cause of action—will turn on whether NARA must process such documents over which it has no legal control or responsibility in responding to Plaintiff's FOIA request to NARA. But in the meantime, the Court should dismiss Plaintiff's first and second causes of action because Plaintiff fails to state a claim as to either and lacks standing to pursue the second. Plaintiff responds to these points with little beyond meritless misdirection and a premature Rule 12(c) motion for judgment on the pleadings. The Court should grant Defendant's motion, deny Plaintiff's motion, and dismiss the first and second causes of action of the Complaint.

**ARGUMENT**

**I.   PLAINTIFF FAILS TO STATE A CLAIM FOR DECLARATORY RELIEF REGARDING THE FEDERAL RECORDS ACT.**

Plaintiff fails to state a claim on his first cause of action, which seeks declaratory relief regarding purported defects in Defendant's compliance with the Federal Records Act. The only basis for such a claim in this Circuit is the Administrative Procedure Act, and Plaintiff's first cause of action is unavailable under that statute as a matter of law. Fundamentally, Plaintiff is asking

1

for a declaration regarding Defendant's compliance with the FRA and associated regulations and records schedules. Def.'s Mot. to Dismiss in Part & Statement of Points & Authorities in Support Thereof ("MTD") at 10, ECF No. 23 (citing Compl. ¶ 37). But that relief is categorically unavailable under the APA because it encroaches upon the enforcement scheme established by the FRA, which vests the Executive Branch itself with exclusive authority to enforce compliance. MTD at 10–12 (citing *Armstrong v. Bush*, 924 F.2d 282, 294 (D.C. Cir. 1991)). Nor has Plaintiff pleaded either of the two kinds of FRA-related claims that might be cognizable under the APA: he has not challenged any records schedule or retention policy as arbitrary and capricious or unlawful, and he has not sought judicial relief regarding the Archivist's purported refusal to pursue enforcement action through the Attorney General. MTD at 12–13.

Plaintiff's primary response is to argue that he may pursue declaratory relief even in the absence of injunctive relief, citing *Zukerman v. U.S. Postal Service*, 64 F.4th 1354, 1366 (D.C. Cir. 2023). Pl.'s Mem. of Points & Authorities in Opp'n to Def.'s MTD & in Support of Pl.'s Cross-Mot. for Judgment on the Pleadings ("Opp'n") at 3, ECF No. 26. That is not responsive to Defendant's motion. The problem with the first cause of action is not that Plaintiff has sought only declaratory relief. The problem is that the *kind* of declaratory relief that Plaintiff seeks—a declaration that Defendant is not complying with the FRA—is unavailable under Circuit precedent. MTD at 10–12.

Plaintiff's response also fails to show that he can or is pursuing either of the two kinds of FRA-related claims that are not categorically barred in this Circuit. Regarding the first—an APA challenge to a records retention schedule or policy—Plaintiff claims he is presenting this kind of claim because he is alleging that an "*informal* guideline or directive described by NARA's General Counsel is *definitely* deficient." Opp'n at 5. But the Complaint contains no challenge to, for

2

example, the records schedules pursuant to which some of the Commission's temporary records were scheduled for destruction upon the Commission's termination. Instead, Plaintiff is claiming that destruction of certain "records would violate GRS 4.2 and the FRA." Opp'n at 5. He cannot pursue that kind of claim under *Armstrong* and its progeny because the Court may not consider whether a particular "discrete document destruction" would comply with applicable records schedules and policies. *See Citizens for Responsibility & Ethics in Wash. v. Pruitt*, 319 F. Supp. 3d 252, 259–61 (D.D.C. 2018) (recognizing that suits concerning "discrete document destruction in violation of the FRA" are barred by *Armstrong* but permitting a challenge to agency recordkeeping policies). Plaintiff's contention that he is merely challenging an "informal" policy also proves far too much. Any plaintiff could replead a barred FRA-compliance claim by just alleging that they are challenging a *policy* not to comply with a particular records schedule as to the destruction of a particular corpus of documents. That would swallow the rule that FRA-compliance claims are generally barred.

Plaintiff also does not pursue an APA claim regarding an alleged failure by Defendant to seek enforcement action through the Attorney General. Plaintiff's response recognizes that his Complaint contains no such claim. Opp'n at 3 (explaining that he has not "attempt[ed] to argue that the Court should make the Archivist report her own agency's intended misconduct to the Attorney General"). Plaintiff cannot avoid dismissal by invoking a claim and form of relief nowhere pleaded in his Complaint. The first cause of action should be dismissed.

## II.   PLAINTIFF LACKS STANDING TO PURSUE THE SECOND CAUSE OF ACTION AND FAILS TO STATE A CLAIM.

Plaintiff's second cause of action, concerning the FOIA requests he submitted to the defunct Commission, should also be dismissed. Plaintiff first fails to hurdle the jurisdictional bar of standing to sue because the alleged informational injuries he has suffered were not caused by

3

Defendant. MTD at 14–16. Rather, the sole cause of Plaintiff's alleged injury on count two is the Commission, to which his FOIA requests were directed and which took the actions on those requests that he alleges are unlawful. *Id.* Plaintiff also fails to state a claim against NARA for related reasons. FOIA creates jurisdiction and a cause of action to sue an agency that is improperly withholding agency records. MTD at 16–18. But here, Plaintiff cannot meet these elements as to NARA where the FOIA requests at issue were not submitted to NARA and where there is no legal basis to say that NARA has assumed the Commission's obligations under FOIA. *Id.*

Plaintiff generally does not respond to these arguments at all, claiming that it is "prohibitively difficult" to do so "without a complete record," *see* Opp'n at 3, notwithstanding the fact that Defendant's arguments are purely legal and accept the truth of the allegations in the Complaint. Plaintiff instead asserts that NARA's motion is premature and adjudicating it at this time "runs contrary to the interest of justice." Opp'n at 1.

Plaintiff's assertion that there is some kind of improper gamesmanship in Defendant's motion is meritless. Unlike Plaintiff's Rule 12(c) motion, *see infra*, nothing in the rules forecloses a defendant from filing a Rule 12(b) motion that is not fully dispositive of the complaint. Indeed, it is commonplace to file a motion to dismiss in part concerning only some of the parties or claims in a case. That is in keeping with Rule 54, which provides that a "court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties." *See* Fed. R. Civ. P. 54(b).

Plaintiff cites three cases as part of his argument, but none undermines Defendant's approach here. One of the cases concerns a party's attempt to file a second motion for summary judgment. *See Divane v. Krull Elec. Co.*, No. 95 C 6108, 2002 WL 31844987, at *1 (N.D. Ill. Dec. 18, 2002). Another concerns a Court's attempt to streamline and resolve dismissal briefing where certain arguments and evidence were introduced in later submissions (reply briefing and

4

supplemental filings), rather than in the initial motion. *See Marsh v. Johnson*, 263 F. Supp. 2d 49, 54 (D.D.C. 2003). Finally, Plaintiff cites a case where the plaintiff moved to dismiss certain counterclaims in only certain respects, seemingly attempting to subdivide the counterclaims depending on the particular factual and legal predicate at issue in each one. *See Calamco v. J.R. Simplot Co.*, No. 2:21-cv-01201-KJM-KJN, 2023 WL 4239107, at *6–8 (E.D. Cal. June 28, 2023).[1] The court rejected this attempt to "reorganize" the claims. *Id.* at *8. Notably, *Calamco* recognized that parties "may focus on only some claims or some parties in a Rule 12(b)(6) motion" and that "complaints are commonly dismissed in part." *See id.* So it is here: Defendant's motion takes the claims as they are in the Complaint and simply argues that two of those claims fail to pass the Rule 12 threshold. Plaintiff's prematurity argument should be rejected.

Given the absence of any response to the substance of Defendant's dismissal arguments on the second cause of action, the Court should accept Defendant's arguments as conceded. It is well established that "[w]here a plaintiff addresses some but not all arguments raised in a defendant's motion to dismiss, courts in this district may treat such arguments as conceded." *See Payne v. D.C.*, 592 F. Supp. 2d 29, 37 (D.D.C. 2008) (citing *Fox v. Am. Airlines, Inc.,* 295 F. Supp. 2d 56, 58 (D.D.C. 2003), *aff'd,* 389 F.3d 1291 (D.C. Cir. 2004)). Indeed, the Federal Supplement is replete with opinions from the Judges of this District reiterating this principle and treating arguments or issues as conceded where they have not been addressed. *See, e.g., Dawn J. Bennett Holding, LLC v. FedEx TechConnect, Inc.*, 217 F. Supp. 3d 79, 82 (D.D.C. 2016) ("When a plaintiff fails to address arguments made in a motion to dismiss, the Court may treat those

---

[1] In citing *Calamco*, Plaintiff parenthetically references *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 & n.7 (1987). *Caterpillar* has nothing to do with the propriety of partial motions to dismiss. *See id.* (discussing rules concerning removal jurisdiction and application of the well-pleaded complaint rule).

arguments as conceded."); *Davis v. Transportation Sec. Admin.*, 264 F. Supp. 3d 6, 10 (D.D.C. 2017) (treating issue as conceded where "Plaintiff simply made no effort to respond to either of Defendants' immunity arguments"); *Matthews v. D.C.*, 730 F. Supp. 2d 33, 39 (D.D.C. 2010).

That is what has happened here. Plaintiff filed a response to Defendant's motion addressing various arguments, such as those raised regarding the first cause of action. But Plaintiff has "made no effort to respond" to either issue that the motion identifies as to the second cause of action. *See Davis*, 264 F. Supp. 3d at 10. Plaintiff's procedural argument should be rejected and without that, Plaintiff is left with no basis at all to contest Defendant's motion. The second cause of action should be dismissed.

### III.  PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS IS PREMATURE AND HE FAILS TO CARRY HIS BURDEN.

Plaintiff's motion for judgment on the pleadings, concerning the first and third causes of action, should be denied. The Federal Rules of Civil Procedure foreclose Plaintiff's premature resort to this kind of motion. And in all events, he has failed to carry his heavy burden to prevail under Rule 12(c).

The motion should be denied first and foremost because it is premature and the rules provide no authority for its consideration before, at minimum, Defendant files an answer. Rule 12(c) establishes that a party may move for judgment on the pleadings only "[a]fter the pleadings are closed." Rule 7(a) defines the pleadings to include, as relevant here, a complaint and an answer. "Thus, the pleadings are closed for the purposes of Rule 12(c) once a complaint and answer have been filed, assuming, as is the case here, that no counterclaim or cross-claim is made." *Doe v. United States*, 419 F.3d 1058, 1061 (9th Cir. 2005). Given this interplay between Rules 7(a) and 12(c), a plaintiff's "motion for judgment on the pleadings is procedurally premature" where the defendant has "yet to file an answer" and should be denied accordingly. *See Simon v.*

*U.S. Dep't of Justice*, No. 20-580(RC), 2020 WL 4569425, at *3 (D.D.C. Aug. 7, 2020) (citing *Black v. LaHood*, 882 F. Supp. 2d 98, 107 (D.D.C. 2012)). Numerous courts across the country have applied these principles to reach the same result: a plaintiff's motion for judgment on the pleadings must be denied where it precedes the filing of an answer. *See, e.g.*, *Doe*, 419 F.3d at 1061–62; *Houghtaling v. Downes*, 623 F. Supp. 3d 145, 162 (W.D.N.Y. 2022); *Phillips v. Macon-Bibb Cty. Gov't*, No. 5:21-cv-355-TES, 2022 WL 568337, at *2 (M.D. Ga. Feb. 24, 2022); *Williams v. Rosenblatt Securities Inc.*, 136 F. Supp. 3d 593, 615–16 (S.D.N.Y. 2015); *Wilson v. U.S. Air Force*, No. 5:08-324-JMH, 2010 WL 11526864, at *1 (E.D. Ky. Oct. 22, 2010).

Anticipating that Defendant would raise this fatal defect in his request for judgment on the pleadings, Plaintiff urges the Court to disregard the impact of Rules 7(a) and 12(c) by claiming that an answer is "not required to close the record in a FOIA case if the agency files a dispositive motion instead." Opp'n at 6. Not so. Plaintiff is correct that in some FOIA cases, the parties agree or the court permits the Government to dispense with the formality of an answer and instead move straight to a motion for summary judgment. That is in keeping with Rule 56, which permits a party to move for summary judgment "at any time." *See* Fed. R. Civ. P. 56(b). But Plaintiff cites nothing to support the idea that this context has any bearing on the plain language of Rules 7(a) and 12(c), which operate to restrict a plaintiff from filing a motion for judgment on the pleadings until after an answer is filed. The two cases he cites on this point have nothing to do with Rule 12(c) but, rather, arguments that the Government was in default where it filed a motion for summary judgment instead of an answer. *Weber v. Coney*, 642 F.2d 91, 93–94 (5th Cir. Unit A 1981) (rejecting argument that plaintiff was "entitled to a default judgment because the government failed to 'answer'"); *Jones v. U.S. Dep't of Justice*, 601 F. Supp. 2d 297, 302 (D.D.C. 2009) (same). There is no FOIA-litigation exception to Rule 12(c)'s provision that a motion for

7

judgment on the pleadings can only be heard "[a]fter the pleadings are closed." Moreover, Plaintiff's contention that Defendant has "signaled that it [will] not be filing an Answer" is baseless. Opp'n at 7. Defendant responded to the Complaint in a manner permitted by the rules—with a motion to dismiss in part pursuant to Rules 12(b)(1) and (6). Rule 12(a)(4) expressly contemplates that Defendant's answer is only due after the Court resolves the motion.

Plaintiff's motion should be denied for the additional reason that he has not carried his burden to show that "no material fact is in dispute" and that he "is entitled to judgment as a matter of law." *Lopez v. Nat'l Archives & Records Admin.*, 301 F. Supp. 3d 78, 84 (D.D.C. 2018) (quoting *Schuler v. PricewaterhouseCoopers, LLP*, 514 F.3d 1365, 1370 (D.C. Cir. 2008)). In reviewing a Rule 12(c) motion, the Court is required to "view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Id.* (quoting *Peters v. Nat'l R.R. Passenger Corp.*, 966 F.2d 1483, 1485 (D.C. Cir. 1992)). Plaintiff's burden on such a motion is "substantial." *U.S. ex rel. Vermont Nat'l Telephone Co. v. Northstar Wireless LLC*, ---F. Supp. 3d---, 2023 WL 7407301, at *8 (D.D.C. Nov. 9, 2023).

Plaintiff cannot show that no material fact is in dispute where he has bypassed any opportunity for Defendant to file an answer. *Cf. Lopez*, 301 F. Supp. 3d at 84 (court reviews the "facts presented in the pleadings" on a Rule 12(c) motion). To date, Defendant has only filed a motion to dismiss that, in keeping with the standard of review for the motion, accepts the well-pleaded allegations of the Complaint as true. MTD at 8–9. That is no basis to establish that the material facts are undisputed.

Nor has Plaintiff demonstrated that he is entitled to judgment as a matter of law. Regarding the first cause of action—his FRA claim—Defendant fails to state a claim for the reasons discussed in Defendant's motion and elsewhere in this reply. He is thus far from entitled to declaratory relief

8

right now.  Plaintiff also has not established an entitlement to judgment as a matter of law on the third cause of action, his FOIA claim regarding the request submitted to NARA.  The principal dispute on that claim appears to be whether NARA must process certain temporary records of the Commission, which were scheduled for destruction at the Commission's expiration, as part of NARA's response to Plaintiff's request.  *See* Opp'n at 6.  At minimum, Plaintiff cannot prevail on that issue unless these Commission records constitute "agency records" of NARA, such that they are subject to FOIA.  *See Cause of Action Inst. v. Office of Mgmt. & Budget*, 10 F.4th 849, 855 (D.C. Cir. 2021).  The D.C. Circuit establishes that agency records are "only [] those documents that an agency both (1) creates or obtains, and (2) controls at the time the FOIA request was made." *Id.* (cleaned up).  Defendant anticipates showing, at summary judgment, that the temporary Commission records at issue in the third cause of action are not "agency records" of NARA subject to Plaintiff's FOIA request to the agency.  Plaintiff does not establish a clear entitlement to relief as a matter of law where he has not mentioned, let alone attempted to meet, the authoritative test on a dispositive issue for the third cause of action.

## CONCLUSION

For the foregoing reasons, the Court should (1) grant Defendant's motion to dismiss in part and dismiss the Complaint's first and second causes of action and (2) deny Plaintiff's motion for judgment on the pleadings.

| | |
|---|---|
| Dated: February 8, 2024 | Respectfully submitted,<br><br>BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General<br><br>ELIZABETH J. SHAPIRO<br>Deputy Director<br><br>/s/ *James R. Powers*<br>JAMES R. POWERS (TX Bar No. 24092989)<br>Trial Attorney<br>United States Department of Justice<br>Civil Division, Federal Programs Branch<br>1100 L Street NW<br>Washington, D.C. 20005<br>Tel: (202) 353-0543<br>E-mail: James.R.Powers@usdoj.gov<br><br>*Counsel for Defendant* |