UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| EDWARD HASBROUCK, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 1:21-cv-00444 (DLF) |
| NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, | * | |
| Defendant. | * | |

* * * * * * * * * * * * *

**PLAINTIFF'S REPLY IN SUPPORT OF HIS CROSS-MOTION FOR JUDGMENT ON THE PLEADINGS**

In response to Plaintiff Edward Hasbrouck's ("Hasbrouck") Cross-Motion for Judgment on the Pleadings regarding Counts 1 and 3, Defendant National Archives and Records Administration ("NARA") chose not to address most of the merits of Hasbrouck's Motion, preferring instead to attempt to reframe the issue and the relevant case law while effectively proving Hasbrouck's case for him. Accordingly, Hasbrouck will focus this Reply on briefly addressing the most problematic issues with NARA's arguments, none of which meaningfully refute any of Hasbrouck's contentions (some of which NARA concedes through its silence), in roughly the order in which they are presented in NARA's Opposition.[1]

As an initial matter, however, it is important to note that NARA misrepresents two critical facts regarding the current state of this litigation in its introduction, in an attempt to convince the Court that there is no need to adjudicate Hasbrouck's Motion at the current time.

---

[1] Hasbrouck's decision to follow the course of NARA's Opposition should not be interpreted as a concession that NARA has properly framed the issues; it is solely to assist the Court in matching NARA's arguments with Hasbrouck's counterarguments. Similarly, Hasbrouck has elected not to repeat himself unnecessarily, so if he does not address an argument or a claim

NARA states without any support or evidence, "NARA has taken physical possession of [the documents which were scheduled for destruction at the termination of the Commission's existence], but not legal custody, to permit Plaintiff to pursue this lawsuit," then adds that "NARA will not destroy those documents pending the conclusion of this litigation." (Def.'s Comb. Reply Supp. Mot. Dismiss in Part & Opp'n Pl.'s Mot. J. on Pleadings, Dkt. #31, at 1 (filed Feb. 8, 2024) [hereinafter NARA's Opp'n].) This is not an accurate statement, but the inaccuracy stems from conduct which post-dates the filing of the complaint in this case, which necessarily means that Hasbrouck cannot offer evidence to prove it without the Court being forced to choose between ignoring it or converting Hasbrouck's Motion into a motion for summary judgment. Hasbrouck respectfully asks the Court, therefore, to disregard NARA's unsupported contention that it has taken physical possession of all of the records of the National Commission on Military, National, and Public Service ("the Commission") which were scheduled for destruction at the termination of the Commission's existence, and that it will not destroy any of the documents that it *did* take physical possession of before the conclusion of this litigation. If the Court is disinclined to disregard this contention, Hasbrouck respectfully requests that it advise the parties that it intends to convert Hasbrouck's Motion into a motion for summary judgment and invite new briefing and evidence accordingly.

I.   HASBROUCK STATED A CLAIM FOR DECLARATORY RELIEF

NARA makes two primary arguments in its attempt to avoid declaratory judgment, neither of which can be reconciled with the controlling case law. It relies heavily on this Circuit's holding in *Armstrong v. Bush*, which it claims "vests the Executive Branch itself with exclusive authority to enforce compliance" with the Federal Records Act ("FRA"). (*Id.* at 2

---

raised by NARA herein, that is simply an indication that he stands behind the corresponding countervailing statement in his Memorandum of Points and Authorities.

(citing 924 F.2d 282, 294 (D.C. Cir. 1991)).) It dismisses Hasbrouck's argument, claiming that it is not arguing that Hasbrouck is not entitled to declaratory judgment because he has sought only declaratory relief, which it concedes is allowed by binding precedent. (*Id.* (citing *Zukerman v. U.S. Postal Serv.*, 64 F. 4th 1354, 1366 (D.C. Cir. 2023)).) However, despite making that concession, NARA misses the point. The Circuit did not simply hold in *Zukerman* that a plaintiff can seek declaratory relief even if he does not seek injunctive relief. If it had, NARA would win this argument. The Circuit held that a plaintiff could seek declaratory relief even if he *could not* seek injunctive relief:

> In fact, section 2201 clearly says that declaratory relief may be granted "whether or not further relief is *or could be* sought." Thus, the District Court correctly explained that "a request for declaratory relief may be considered independently of whether other forms of relief *are appropriate*." [S]ee also *Steffel v. Thompson*, 415 U.S. 452, 475 (1974) (stating in a different context that, "regardless of whether injunctive relief *may be appropriate*, federal declaratory relief is not precluded").

64 F.4th at 1366 (citations omitted) (emphasis added). In other words, NARA is arguing that declaratory relief is not available because injunctive relief could not be sought because it is not appropriate, citing Circuit opinions from 1991 and 2002,[2] but that argument is directly foreclosed by a Circuit opinion from 2023. Since this Court is bound by all Circuit opinions equally, it cannot simply ignore the latest one and dismiss Count 1 by relying on the earlier ones. *See Critical Mass Energy Proj. v. Nuclear Reg. Comm'n*, 975 F.2d 871, 876 (D.C. Cir. 1992) (noting that decisions of the D.C. Circuit "bind the circuit 'unless and until overturned by the court en banc or by Higher Authority'"). It must therefore interpret *Zukerman* to allow

---

[2] While NARA does not directly address the necessary connective tissue between *Armstrong* and its current argument in its Opposition, it does reference its earlier motion, in which it made the argument that the "availability of [declaratory] relief presupposes the existence of a judicially remediable right." *C&E Servs,, Inc. of Wash. v. D.C. Water & Sewer Auth.*, 310 F.3d 197, 201 (D.C. Cir. 2002).

declaratory relief even if injunctive relief would not be available under the Administrative Procedure Act ("APA") or Mandamus Act.

NARA's second argument fares little better. It argues that Hasbrouck cannot bring an APA or Mandamus Act claim against the policy conveyed to Hasbrouck by its own General Counsel, complaining that "[a]ny plaintiff could replead a barred FRA-compliance claim by just alleging that they are challenging a *policy* not to comply with a particular records schedule as to the destruction of a particular corpus of documents." (NARA's Opp'n at 3.) According to NARA, "[t]hat would swallow the rule that FRA compliance claims are generally barred." (*Id.*) However, this argument asks too much. NARA seeks to limit the reach of the policy exception to *Armstrong* to only "formal" recordkeeping policies, which it does not define except to argue that a policy of categorically treating records subject to FOIA requests transferred from defunct agencies is not one. There is no basis for such a limitation in the case law. Additionally, it is hyperbole to suggest that any plaintiff could avoid *Armstrong* by reframing a records destruction challenge as a policy challenge, because at some point such a plaintiff would have to demonstrate the existence of an actual *policy*. Contrary to NARA's assertion that this scenario would "swallow the rule that FRA compliance claims are generally barred," it would instead clarify the rule that FRA compliance claims are generally barred *unless the agency has a policy of treating a class of records as categorically not subject to existing records schedules.*

## II. HASBROUCK'S MOTION IS NOT PREMATURE

NARA's argument that Hasbrouck cannot file a Rule 12(c) motion until it files an answer contradicts itself and should not be credited. NARA admits that "Plaintiff is correct that in some FOIA cases, the parties agree or the court permits the Government to dispense with the formality of an answer and instead move straight to a motion for summary judgment" (*id.* at 7), but then

argues that when this happens, it automatically deprives the plaintiff from *ever* being able to file a Rule 12(c) motion. (*Id.*) It also elides over the fact that the cases in which "the court permits" such a thing do not actually involve a motion from the Government requesting leave not to file an Answer; the Government simply *does not file one*. Furthermore, it concedes that "the parties [can] agree" to do this, which necessarily means that the parties can "agree" to completely waive a requirement set forth in the Federal Rules of Civil Procedure that the Government file an Answer. Taken together, the logical result of NARA's argument is that if the Government unilaterally chooses not to file an Answer, it can completely deprive a plaintiff of the ability to file a Rule 12(c) motion, because "the plain language of Rules 7(a) and 12(c)" (*id.*) cannot be so easily modified, but that a simple agreement between the parties without any input from the Court can completely waive the rule requiring an Answer. This position is unsupported by either law or common sense.

NARA then refuses to respond to any of Hasbrouck's arguments on the merits with respect to Count 3, which, according to NARA itself, means that if the Court finds that the Motion is not premature, it should treat those arguments as conceded. (*See id.* at 5 (discussing cases treating arguments not addressed in opposition papers as conceded).) NARA instead states that it "anticipates showing, at summary judgment, that the temporary Commission records at issue in the third cause of action are not "agency records" of NARA subject to Plaintiff's FOIA request to the agency." (*Id.* at 9) In other words, NARA does not want to offer this alleged evidence *now* in the context of *Hasbrouck's* Motion because it prefers to offer it *later* in the context of *its* Motion. "Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in [a] skeletal way, leaving the court to put flesh on its bones." *Nelson v.*

*Landry*, No. 20-837. 2024 WL 409385, at *15 (M.D. La. Feb. 2, 2024) (quoting *El-Moussa v. Holder*, 569 F.3d 250, 257 (6th Cir. 2009)). The Court should accordingly find that NARA's choice to elevate its convenience over the standard rules of civil litigation constitutes a concession of Hasbrouck's Motion regarding Count 3.

## **CONCLUSION**

For the foregoing reasons and those in Hasbrouck's Motion, the Court should grant Hasbrouck's Cross-Motion.

Date:   February 15, 2024

Respectfully submitted,

/s/ Kelly B. McClanahan
Kelly B. McClanahan, Esq.
D.C. Bar #984704
National Security Counselors
4702 Levada Terrace
Rockville, MD  20853
301-728-5908
240-681-2189 fax
Kel@NationalSecurityLaw.org

*Counsel for Plaintiff*